[Crim. No. 754. Second Appellate District, Division One.—July 26, 1921.]

THE PEOPLE, Respondent, v. G. E. BROWN, Appellant.

[1] CRIMINAL LAW—MURDER—KILLING OF OFFICER—UNLAWFUL TRANS-PORTATION OF LIQUOR—EVIDENCE—MOTIVE.—In a prosecution for the murder of an officer whose duty it was to apprehend persons engaged in the unlawful transportation of liquor, which killing occurred while defendant was engaged in such unlawful transportation and was caused by defendant's automobile colliding with deceased after a signal to stop, the admission of testimony of the transportation of the liquor and of the hiding thereof after the killing and the introduction of the liquor itself was material and competent to show a motive and to present a theory inconsistent with defendant's claim that the killing was accidental.

[2] ID.—CHARACTER OF CRIME—EVIDENCE.—Where in a prosecution for murder the killing is admitted but it is claimed that it was not intentional but accidental, any evidence that tends to show that the commission of the act was prompted by a motive inconsistent with innocence is material.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Willis O. Tyler and Thomas Pearson for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Respondent.

SHAW, J.—Upon an information charging him with the crime of murder, defendant was convicted of murder in the second degree, followed by a judgment of imprisonment, from which he appeals.

It appears from the record that in the performance of their duty as officers of the United States immigration service, Alphonse G. Bernard and Henry Y. Hackett were, on the night of July 10–11, 1920, stationed at a point near Campo on the highway leading from Calexico to San Diego for the purpose of apprehending persons engaged in the

1. Admissibility of evidence tending to prove other crimes, against defendant, as proof of motive, notes, 7 Ann. Cas. 66; 8 Ann. Cas. 773.

unlawful transportation of liquor by automobile, the drivers of which they signaled to stop by the waving of flash-lights, with which both were equipped. At about 3 o'clock on the morning of the 11th of July, at which time Hackett's position was on the north side of the highway and that of Bernard was on the south side at a point a short distance west of the former, an automobile driven by defendant approached from the east, going westerly toward San Diego. When first seen by them it was distant about one-fourth of a mile and was being operated at a speed of thirty to thirty-five miles per hour. By waving their flash-lights they signaled defendant as the driver thereof to stop the car, but instead of doing so, he increased the speed thereof and, when near the point where Hackett stood, swerved his car toward him, to escape a collision with which he was compelled to jump back to the side of the roadway; whereupon defendant immediately turned his car to the left or south side of the road to the place farther west where Bernard was stationed, at which point he caused the car, traveling at high speed, to collide with Bernard, as a result of which the latter was instantly killed. At the time the car contained 244 pints of whisky which the defendant was unlawfully transporting from the town of Mexicali, in Mexico, to some place in the United States. After striking deceased, whose body, being badly crushed and stripped of its clothing, was dragged some 200 or 300 feet, the car, at increased speed, was run a distance of a mile or so over the highway, when it was driven off the road into the brush and the liquor taken therefrom and cached, after which the automobile returned to the highway, over which it proceeded to San Diego. It further appears that some two or three weeks prior to the time in question defendant, in discussing the efforts of officers to apprehend whisky smugglers, had said: "If anybody undertakes to stop me, I will put on all the gas I have and run them down." That defendant knowingly refused to recognize the stop signals of the officers and intentionally swerved his car at great speed, first toward Hackett on the right of the roadway and then to the left, where deceased was standing, and with the purpose of causing the same, which in both instances as shown by the wheel tracks left the driveway, to collide first with Hackett and then with Bernard, admits of no doubt; indeed, his

counsel does not question the sufficiency of the evidence to justify the verdict of guilty reached by the jury.

[1] The alleged errors complained of and upon which appellant bases his claim for a reversal are rulings of the court in admitting testimony of the transportation of the whisky, the hiding thereof after the alleged killing, and its introduction in evidence, all of which evidence was admitted over defendant's objections. That the evidence was material and competent, in our opinion, admits of no doubt. [2] While defendant admitted the killing, he claimed it was not intentional but accidental. Hence any evidence was material that tended to show the commission of the act was prompted by a motive inconsistent with defendant's innocence of the offense for which it was sought to apprehend him. As said by Mr. Wharton in his work on Criminal Evidence, section 899: "Facts and circumstances are relevant on a homicide charge, to show that the motive for the homicide was the concealment of a prior crime, when they tend to prove that the accused was guilty of a prior crime, and knew that he was suspected by the deceased to be so guilty, or that the deceased was likely to discover the fact." (Id., sec. 897.) In *People* v. *Pool*, 27 Cal. 575, it is said that "whenever it is important to determine the character of the act perpetrated and to ascertain the intent of the accused, the existence of any motive likely to instigate him to the commission of the crime may be proved, and is relevant and competent for the purpose of fixing or tending to fix the crime upon him." Conceding the attempted smuggling and transportation of the liquor by defendant was not illegal under the laws of this state, it nevertheless constituted a criminal offense for which he was punishable under the federal statutes. The evidence offered tended to show that defendant, with full knowledge of such fact, and knowing that if he stopped his car a search thereof would be made and conclusive evidence of his unlawful act obtained, sought to avoid discovery of the crime and apprehension therefor by escape and as a means to such end propelled his car against Bernard and killed him. Its effect was to present a theory inconsistent with defendant's claim that the killing was accidental.

The fact that defendant was engaged in transporting the 244 pints of liquor in the car appeared from the testimony

of the witness Miller, who also testified to the fact that the liquor was cached at a certain point near the highway by defendant. Upon going to the point designated, officers found the liquor, and it was properly introduced in evidence as corroborating the testimony so given by Miller.

The appeal based upon the grounds stated is without merit.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.