656 A.2d 514

COMMONWEALTH of Pennsylvania, Appellee,

v.

Quiyama THOMAS, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 9, 1995.

Filed March 28, 1995.

John J. McMahon, Jr., Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before TAMILIA, HUDOCK and BROSKY, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence entered after a bench trial wherein Appellant was found guilty of failing to stop and identify, homicide by vehicle,[1] four counts of recklessly endangering another person, three counts of terroristic threats, four counts of aggravated assault, and one count of murder in the third degree.[2] Post-verdict motions were filed and denied by the trial court. Appellant was sentenced to a term of imprisonment of not less than ten years nor more than twenty years for the count of murder in the third degree, to not less than three months nor more than six months for failing to stop and identify, to be served concurrently with the count of murder in the third degree, and to not less than three years nor more than six years for each of the four counts of aggravated assault, each to be served concurrently with the count of murder in the third degree. All other counts merged for purposes of sentencing. This direct appeal followed. We affirm.

In his direct appeal, Appellant argues that there was insufficient evidence to support his conviction for murder in the third degree and insufficient evidence to support his four aggravated assault convictions. In reviewing a challenge to the sufficiency of the evidence, we must determine "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jackson*, 506 Pa. 469, 472–73, 485 A.2d 1102, 1103 (1984). "Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The factfinder is free to believe all, part or none of the

1. 75 Pa.C.S.A. §§ 3742 and 3732, respectively.

2. 18 Pa.C.S.A. §§ 2705, 2706, 2702, and 2502, respectively.

evidence." *Commonwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

The crucial facts are as follows: On August 3, 1993, five children, ages four to eight, were playing on a swing set in the back yard of Robert Wright. Wright lived in the end house of a series of row houses in a residential area in the City of Philadelphia, on the corner of Forrest Avenue and Phil–Ellena Street. Wright's yard was enclosed by a wrought-iron fence. At approximately six o'clock p.m., Appellant, driving in a stolen car, made a left hand turn from Forrest Street onto Phil–Ellena Street. At this point, there is no testimony that indicates that Appellant was speeding. After making the turn, Appellant, in the thirty-six-foot wide street, attempted to make a U-turn. However, Appellant's car instead jumped the four-inch-high curb, crashed through the wrought-iron fence, ran into the swing set where the children were playing, continued into the neighbor's yard, and did not come to a stop until Appellant's car hit another vehicle. As a result, one child, age eight, was killed. The other four children were thrown onto the hood of the automobile and were carried with the car until it stopped. These children were taken to the hospital and released with cuts and bruises. Despite the fact that the windshield had shattered and the small children were on the hood of the automobile, Appellant and the passenger in the car fled from the scene of the accident. They were later caught by neighbors and were returned to the scene of the accident where Appellant was identified as the driver of the car. Officer Peter Stock, an accident reconstructionist, testified that from the markings on the roadway, Appellant accelerated the automobile while making the U-turn and at no time applied his brakes. Only by striking the second automobile was Appellant's car brought to a stop. Eric Reid and Dominic Stokes testified that they were walking on the sidewalk adjacent to the Wright home at the time of the crash and were only two feet away from the car as it came crashing over the sidewalk. Another witness, Derrick Howell, testified that he heard the car burn rubber while making the U-turn.

With these facts in mind, Appellant claims that the evidence is insufficient to establish the requisite element of malice which is needed to establish murder in the third degree. Specifically, Appellant contends that his actions were at most reckless as he merely lost control of his automobile while attempting to make an "ill-advised" U-turn. Moreover, he points to the fact that there is no evidence that he was intoxicated or that he was speeding, and no evidence that the street was crowded at the time of the accident. Thus, Appellant, who does not deny culpability for the child's death, claims that, at most, he should have been guilty of only involuntary manslaughter or homicide by vehicle, not murder in the third degree.

■ Malice is a crucial element in murder since it distinguishes the crime of murder from manslaughter. *Commonwealth v. Scales*, 437 Pa.Super. 14, 648 A.2d 1205 (1994). "A person may be convicted of third-degree murder where the murder is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice aforethought." *Commonwealth v. Pigg*, 391 Pa.Super. 418, 425, 571 A.2d 438, 441 (1990), *alloc. den.*, 525 Pa. 644, 581 A.2d 571. Malice has been defined as a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured." *Pigg*, 391 Pa.Super. 425, 571 A.2d at 441 (*quoting Commonwealth v. Drum*, 58 Pa. 9, 15 (1868)). "A finding of malice based on a 'recklessness of consequences' requires that a defendant be found to have consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury." *Scales*, 648 A.2d at 1207. Further, malice may be inferred after considering the totality of the circumstances. *Commonwealth v. Commander*, 436 Pa. 532, 260 A.2d 773 (1970).

■ It is rare that a motor vehicle accident gives rise to a conviction of murder in the third degree. However, it is clear that in determining whether a murder in the third degree conviction should be upheld, all facts, including those before,

during, and after the event, must be considered in order to determine whether the actor caused the death of another "with a conscious disregard of an unjustified and extremely high risk." *Scales*, 437 Pa.Super. 19, 648 A.2d at 1207.

In *Commonwealth v. Taylor*, 461 Pa. 557, 337 A.2d 545 (1975) (plurality), the defendant was found guilty of murder in the second degree[3] and operating an automobile under the influence of alcohol as a result of the death of a young boy who was riding his bicycle in a park in the City of Philadelphia. The testimony revealed that the defendant, who was intoxicated, was travelling at a high rate of speed through the park on a clear, dry day when he struck two young boys on their bicycles. Upon impact, the boys were thrown close to ninety-nine feet into the air. After the impact, the defendant continued driving until the next intersection before he returned to the scene of the crash. In discussing whether the necessary malice existed so as to distinguish murder in the second degree from involuntary manslaughter, our Supreme Court, citing *Commonwealth v. Aurick*, 342 Pa. 282, 19 A.2d 920 (1941), stated:

"On the other hand, the proof of negligence to support a charge of *involuntary manslaughter* need *not* be proof of acts or omissions exhibiting *reckless, wicked and wanton* disregard of the safety of others. *Negligence of that high degree* will support a charge of *murder in the second degree,* as this court recognized in *Commonwealth v. McLaughlin,* 293 Pa. 218, 142 A. 213. In *Com. v. Mayberry,* 290 Pa. 195, 138 A. 686, 688, this court, in an opinion by the present Chief Justice, said: 'Had the appellant at bar dashed down Highland [A]venue and wantonly, recklessly and in disregard of consequences hurled his car against another, or into a crowd or over a person on sidewalk or street, and death resulted, then, considering the kind of instrumentality that an automobile is, we are not prepared to say that he ought not to face the same consequences that would be meted out

---

**3.** After the change of the Crimes Code, what was murder in the second degree is now considered to be murder in the third degree. *See* Historical Note to 18 Pa.C.S.A. § 2502.

to him if he had accomplished death by wantonly and wickedly firing a gun. *People v. Brown,* 53 Cal.App. 664, 200 P. 727.' ..."

*Taylor,* 461 Pa. 563, 337 A.2d at 547–48 (emphasis in original). Further, the *Taylor* Court stressed that "[t]he issue is not the nature of the instrument, but the frame of mind of the actor in the deployment of that instrument." *Id.* 564 at 548.

Likewise, in *Commonwealth v. Davis,* 388 Pa.Super. 224, 565 A.2d 458 (1989), *alloc. den.,* 525 Pa. 595, 575 A.2d 561 (1990), there was sufficient evidence to sustain the defendant's two convictions for third-degree murder. The facts of *Davis* reveal that the defendant, after snatching a purse from a woman at the Monroeville Mall, left the mall area at a high rate of speed and proceeded up the highway where he, after losing control of the automobile and crossing the center lane of traffic, killed an elderly couple who were riding in an oncoming vehicle, as well as killing one of the passengers in his car. After the accident, the defendant fled the scene of the crime. This Court, in considering these factors, along with the fact that it was a clear, dry day and the defendant knew that the street upon which he was driving was a congested area, determined that the defendant's conduct exhibited "the wickedness of disposition, the hardness of heart, cruelty and recklessness associated with third degree murder." *Id.* 388 Pa.Super. 240, 565 A.2d at 466.

In *Commonwealth v. Pigg, supra,* 391 Pa.Super. 418, 571 A.2d 438, the defendant, a tractor-trailer driver, killed two people as a result of a head-on collision between his tractor-trailer and their vehicle on a narrow road. Prior to this collision, the defendant, who was intoxicated at the time of the accident, also drove several other vehicles off the road and ignored another driver's request that he stop driving. This Court, relying on the attendant circumstances of the case, found that the defendant's conduct easily amounted to the necessary malice needed to support his third-degree murder convictions. *Id.* 429, 571 A.2d at 443.

In *Commonwealth v. Urbanski,* 426 Pa.Super. 505, 627 A.2d 789, (1993), *alloc. den.,* 535 Pa. 657, 634 A.2d 221, the appel-

lant, despite pleas from his wife to slow down and to stop driving erratically, caused a car accident which killed his wife. Blood tests revealed that the appellant's blood alcohol level was .10%. In upholding the appellant's third-degree murder conviction, this Court stated:

> ... the properly admitted trial testimony reveals a dangerously high blood alcohol level and a clear road surface combined with erratic driving and repeated refusals to give up the wheel. Appellant was or should have been aware of the danger that could result from driving so fast and so recklessly, especially after having had so much to drink. Even if he was not aware, his wife repeatedly reminded him of the danger and asked many times if she could drive the car. But appellant recklessly disregarded her pleas and the probability of a tragic result. His conduct in the car was the very type of conduct that the definition of malice describes.

*Urbanski*, 426 Pa.Super. 513, 627 A.2d at 793–94.

Finally, in *Commonwealth v. Scales, supra,* 437 Pa.Super. 14, 648 A.2d 1205, the defendant was adjudicated guilty of third-degree murder after his car, which had swerved onto a sidewalk in a residential neighborhood, struck a large planter which was pushed into two children, crushing one of them to death. In summarizing the evidence, this Court found:

> Here, appellant was driving an older, heavy and high-powered vehicle, at a high rate of speed in a crowded residential neighborhood, and at a time when children play in the streets and on sidewalks in large numbers. He ignored a stop sign, almost colliding with a vehicle in the intersection. He was told to slow down and responded with "shut up." After traversing the intersection, apparently without slowing down or braking, he sideswiped another car and swerved onto the curb where he ran into a cement flower container and the children, and without attempting to stop, continued up the street despite calls from bystanders to stop.

*Scales,* 437 Pa.Super. 20–21, 648 A.2d at 1207–08. Thus, given these facts, malice was inferred and the third-degree murder conviction was upheld.

After a review of the evidence in the present case, we find that Appellant's conduct gives rise to the necessary malice to sustain a third-degree murder conviction. Appellant, driving a stolen car, on a clear day, in a residential area, made a U-turn while he was accelerating, causing him to crash through a fence and hit a swing set where five children were playing. Moreover, aside from the fact that Appellant did not attempt to brake, the swing set, which was painted bright blue, was clearly visible from Phil–Ellena Street. Also, Appellant barely missed two children who were walking on the sidewalk. Likewise, despite the fact that four injured children were on the hood of Appellant's car, Appellant fled from the scene of the accident. This clearly is sufficient to show that Appellant acted with a "recklessness of consequences and a mind regardless of social duty." [4]

■ To sustain a conviction for homicide by vehicle, the Commonwealth needs to prove: 1) Appellant drove in a manner that violated the vehicle code; 2) Appellant knew or should have known that the conduct violated the law; and 3) death was the probable cause of the vehicle code violation. *Commonwealth v. Bowser,* 425 Pa.Super. 24, 32, 624 A.2d 125, 129 (1993), *alloc. den.,* 537 Pa. 638, 644 A.2d 161 (1994), *cert. den.,* —— U.S. ——, 115 S.Ct. 186, 130 L.Ed.2d 120 (1994). For involuntary manslaughter, a conviction will be upheld only where one does "an unlawful act in a reckless or grossly negligent manner." 18 Pa.C.S.A. § 2504. Clearly, given the

4. Appellant urges us to apply the Supreme Court's recent holding in *Commonwealth v. O'Hanlon,* 539 Pa. 478, 653 A.2d 616 (1995) to reverse his murder in the third degree conviction. *O'Hanlon* held that mere recklessness is not sufficient to support a conviction for aggravated assault. 539 Pa. 480, 653 A.2d at p. 618. Appellant claims that the mere making of a U-turn is not enough to sustain the recklessness element of murder in the third degree since the mere driving while intoxicated was not sufficient to uphold the aggravated assault conviction in *O'Hanlon.* This claim is without merit, since, looking at the cumulative facts of the present case, Appellant's combined actions, not merely making the U-turn, are sufficient to support his conviction.

attending facts in the present case, Appellant's conduct rises above the level of both homicide by vehicle and involuntary manslaughter.

■ Appellant next argues that there was insufficient evidence presented to sustain his four aggravated assault convictions. Specifically, Appellant argues that his convictions cannot be upheld since his convictions were based upon 18 Pa.C.S.A. § 2702(a)(4)[5] and an automobile cannot be classified as a deadly weapon. The Commonwealth urges that this issue is waived since Appellant has failed to raise it in his post-trial motions and, likewise, failed to raise it in his 1925(b) statement. However, given that the verdict in this matter was rendered after January 1, 1994, new Rule of Criminal Procedure 1410 applies. In pertinent part, this rule provides:

**B. Optional Post–Sentence Motion.**

(1) *Generally.*

\* \* \* \* \* \*

(c) Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues.

Pa.R.Crim.P. 1410, 42 Pa.C.S.A. From the face of the rule, it appears that, despite the fact that Appellant did argue post-verdict motions and failed to present this claim, this matter has been preserved for appellate review. Likewise, Appellant's failure to include this issue in his 1925(b) statement does not, in and of itself, constitute waiver. It is the discretion of this Court as to whether the issue may be heard on appeal. *See Commonwealth v. Forest,* 427 Pa.Super. 602, 629 A.2d 1032 (1993), *alloc. den.,* 536 Pa. 642, 639 A.2d 28 (1994).

■ Appellant's contention is without merit. The Crimes Code defines "deadly weapon" as follows:

5. § 2702. **Aggravated Assault**

(a) **Offense defined.**—A person is guilty of aggravated assault if he:

\* \* \* \* \* \*

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2702(a)(4).

574

Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

18 Pa.C.S.A. § 2301. "A deadly weapon need not be, of course, an inherently lethal instrument or device." *Commonwealth v. McCullum*, 529 Pa. 117, 137, 602 A.2d 313, 323 (1992). A weapon which is not ordinarily considered to be deadly may become deadly when its use results in a killing. *Commonwealth v. Prenni*, 357 Pa. 572, 55 A.2d 532 (1947). Further, when determining whether a weapon is deadly, the manner in which it is used must be considered.

 In the present case, even though an automobile may not be, when used properly, inherently dangerous, it is evident that, in considering the manner in which it was used by Appellant, it became a deadly weapon. We cite with approval this Court's comment in *Scales:* "Motor vehicles still outdistance firearms as the most dangerous instrumentality in the hands of irresponsible persons in our society today." *Scales,* 648 A.2d at 1209. *See Commonwealth v. Battiato,* 422 Pa.Super. 285, 619 A.2d 359 (1993), *alloc. den.,* 535 Pa. 652, 634 A.2d 216 (aggravated assault conviction pursuant to 18 Pa.C.S.A. § 2702(a)(4) upheld where the appellant backed his car over the victim causing serious bodily injury). Further, we add that the requisite culpability has been met. 18 Pa.C.S.A. § 302(b)(2) states:

**(b) Kinds of culpability defined.—**

\* \* \* \* \* \*

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

In the present case, it is evident that Appellant continued to drive his vehicle, without hitting the brakes, even after he struck the children on the swing set. Clearly, the continued driving is evidence that Appellant's actions were "knowing." *See Commonwealth v. Hoke,* 381 Pa.Super. 70, 552 A.2d 1099 (1989), *alloc. den.,* 523 Pa. 635, 565 A.2d 444. Thus, because there was sufficient evidence to sustain Appellant's convictions for the four counts of aggravated assault, we find his claim to be without merit.

Judgment of sentence affirmed.