J-S08037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DARYL PROVANCE, | : | |
| | : | |
| Appellant | : | No. 1138 WDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
in the Court of Common Pleas of Fayette County,
Criminal Division, No. CP-26-CR-0000500-2015

BEFORE: STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:        **FILED FEBRUARY 11, 2016**

Daryl Provance ("Provance") appeals from the judgment of sentence imposed following his convictions of aggravated assault, recklessly endangering another person, criminal mischief, and driving under influence of alcohol or controlled substance ("DUI"). [1]  We affirm.

The trial court set forth the underlying relevant facts in its Opinion. **See** Trial Court Opinion, 9/3/15, at 2-4.  We adopt those facts for purposes of this appeal.  **See id.**

After a jury trial, the jury found Provance guilty of the above-mentioned crimes.  The trial court sentenced Provance to four to eight years in prison.  Thereafter, Provance filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4); 2705; 3304(a)(5); 75 Pa.C.S.A. § 3802(a)(1).

On appeal, Provance raises the following question for our review: "Was the evidence legally and factually insufficient to show that [Provance] committed the crimes of aggravated assault, recklessly endangering another person, criminal mischief[,] and DUI beyond a reasonable doubt[?]" Brief for Appellant at 7 (capitalization omitted).

Provance argues that the Commonwealth witnesses failed to identify him as the driver of the alleged vehicle, or that Provance's vehicle had caused the damage. *Id.* at 10, 13-14. Provance also asserts that the Commonwealth failed to prove that it was practically certain that death or serious bodily injury would result from his conduct. *Id.* at 14. Additionally, Provance contends that the Commonwealth failed to prove that he operated the alleged vehicle while incapable of safely driving, because the State Trooper never observed Provance driving the vehicle. *Id.* at 10, 14-15. Lastly, Provance argues that the record is devoid of any direct or circumstantial evidence to show that he had any intent to cause harm to the victims. *Id.* at 16.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need

not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Pennsylvania Crimes Code defines the crime of aggravated assault, in relevant part, as follows:

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2702(a)(4). The Pennsylvania Crimes Code defines deadly weapon as follows:

Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.

*Id.* § 2301. This Court has recognized that an automobile, when used in a certain manner, may become a deadly weapon. *Commonwealth v. Thomas*, 656 A.2d 514, 519 (Pa. Super. 1995).

The Pennsylvania Crimes Code defines recklessly endangering another person as follows:

A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705.

The Pennsylvania Crimes Code defines criminal mischief, in relevant part, as follows:

(5)    intentionally damages real or personal property of another[.]

*Id.* § 3304(a)(5).

The Pennsylvania Vehicle Code defines DUI as follows:

**(a)  General impairment.—**

(1)  An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1).

The term "operate" requires evidence of actual physical control of the vehicle to be determined based upon the totality of the circumstances.  Our precedent indicates that a combination of the following factors is required in determining whether a person had ["]actual physical control["] of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle.  The Commonwealth can establish that a defendant had "actual physical control" of a vehicle through wholly circumstantial evidence.  Furthermore, a police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated.

***Commonwealth v. Williams***, 941 A.2d 14, 27 (Pa. Super. 2008) (internal citations and some quotation marks omitted).

- 4 -

Here, the trial court addressed Provance's claims and correctly determined that they are without merit. **See** Trial Court Opinion, 9/3/15, at 4-6. The credible evidence supports Provance's convictions of the above-mentioned crimes. **See Melvin**, 123 A.3d at 40. Thus, we adopt the sound reasoning of the trial court for the purpose of this appeal. **See** Trial Court Opinion, 9/3/15, at 4-6.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2016



IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA        :

v.                                  :

DARYL SCOTT PROVANCE,               :
                     Defendant.     :        No. 500 of 2015

## OPINION AND ORDER

**WAGNER, P.J.**

Before the Court is Defendant's 1925(b) Concise Statement of Issues on Appeal, which sets forth the following question verbatim:

ISSUE1:   WAS THE EVIDENCE LEGALLY AND FACTUALLY INSUFFICIENT TO SHOW THAT DEFENDANT COMMITTED THE CRIMES OF ADDRAVATED ASSAULT, RECKLESSLY ENDANGERING ANOTHER PERSON, CRIMINAL MISCHIEF AND DUI BEYOND A REASONABLE DOUBT. (sic)

   a. The Commonwealth witnesses, Kevin Crop (sic) and Mary Crop (sic) failed to identify the appellant as driver. (sic)

   b. The commonwealth (sic) failed to prove the appellants (sic) vehicle and cause damage. (sic)

   c. The commonwealth (sic) failed to prove appellant operated the alleged vehicle while incapable of safe driving.

Defendant has been convicted for the crimes set forth in his issues statement as the result of his actions in driving while he was admittedly intoxicated, menacing the victims with his car on a public road and then crashing his vehicle into theirs as they waited at a stop sign at an intersection. During the trial of this matter, the testimony

1

established the following:

The victims, Kevin Cropp and his wife, Mary, arrived at the Midway Inn in Dunbar Township, Fayette County, Pennsylvania, at approximately 8:30 P.M. on December 20, 2014. N.T. p. 5. Defendant was already in the bar, being loud and boisterous, and about fifteen minutes after Mr. Cropp arrived, he heard the [female] bartender ask Defendant to leave. Id. P.7. At that time, Defendant became verbally unruly, and told the bartender that he'd come back and kill everybody. Id.

Mr. Cropp's wife, Mary Cropp, who is employed at the Midway Inn, but was not working that evening, asked Defendant not to be rude to the bartender who is her co-worker. Defendant then shoved Mary Cropp, at which point Mr. Cropp hit Defendant, and several other men grabbed Defendant and tried to get him outside. Id. p. 8. Defendant did not go willingly, but four or five men finally put him out. Id. However, a minute or so later, Defendant re-entered the bar with a club, saying he would kill them all. Id. At that point, more men grabbed Defendant and put him back outside, whereupon the bartender locked the door. Id. pp. 8-9.

After the bar's door was locked, all of the patrons got into their vehicles to leave, but Mr. and Mrs. Cropp, who had arrived in their F150 truck, found themselves parked next to Defendant, who was sitting in the driver's seat. Id. p. 9. Mary Cropp was driving the Cropps' truck, but was very afraid. Both Mary Cropp and Defendant started their vehicles, then just sat there with the engines running. Defendant's vehicle was a small pick-up truck similar to a Ford Ranger, but was actually a Toyota Tacoma, two-tone in color. Id. pp. 10-11.

Suddenly, Defendant's truck shot backward in reverse, crossed the parking lot and

2

hit a tree so hard that his truck's engine was dislocated. Id. p. 11. Mr. Cropp then told Mrs. Cropp to drive out of the parking lot because he thought Defendant's vehicle was disabled. Id. Mrs. Cropp followed her husband's directive, but was anxious and afraid, with her heart pounding. Id. p. 23. When the Cropps' vehicle traveled onto the two-lane roadway, however, Defendant drove his truck up behind them at a fast rate of speed, with its headlights flashing on and off repeatedly. Id. p. 12. Mrs. Cropp recognized Defendant's vehicle as the same one which had been sitting beside her vehicle a few minutes before. Id. p. 23. She also saw Defendant driving the small truck as soon as she started to pull out of the Midway Inn's parking lot. Id. p. 27. As the vehicles went down the road, Mrs. Cropp tried to get away from Defendant by passing two other vehicles that were in front of her on the road. Id. p. 13. The Cropps eventually arrived at a T intersection where they had to turn either left or right. Id. As they stopped for the stop sign at the intersection, prior to making a right turn, Defendant drove up behind them with no headlights on, and crashed his vehicle into the rear end of their truck. Id. pp. 14, 16.

The impact pushed the Cropps' truck out into the intersection, where they could have struck or been struck by an oncoming vehicle, had there been one at that time. Id. p. 26. As there was no traffic crossing the intersection, they were able to swing around into the parking lot of a closed business at the right of the intersection. Id. p. 15. Defendant's vehicle did not stop, but turned left and took off. Id. p. 26. The Cropps called 9-1-1 when they got home. Id. Defendant's Toyota truck was discovered off the road, over a small embankment, and up against a tree by Trooper Jeffrey S. Nicholsonon West Crawford Avenue in Connellsville, Fayette County, about one-quarter mile from

3

the original location of the crash for which he had been dispatched.. Id. pp. 32-33. The truck had sustained moderate damage to its front. Id. p. 34. Defendant was nowhere around, but the trooper ascertained that the truck was registered to him. Id.

A short while later, the police officers found Defendant at his own home, about four miles from the scene. Id. p. 35. Defendant was then transported back to where his car was, and interviewed by Trooper Nicholson. He appeared to be disheveled, and there was a strong odor of alcohol on his breath. His eyes were bloodshot, he spoke slowly and slurred, and he was unable to stand up while he was talking to the trooper. Id. Defendant was then arrested for Driving Under the Influence of alcohol, incapable of safe driving. Id. p. 36. He was transported to the state police barracks in Uniontown, Fayette County, where he refused to provide a breath sample for analysis. Id. pp. 37, 43. After being given Miranda warnings upon his arrest, Defendant initially denied he had been driving the Toyota truck, but then told Trooper Nicholson that he was driving, and drove close to the Cropps' truck so he could obtain the number of their registration plate. Id. p. 38. When Defendant took the stand in his own defense, he again denied that he had been the driver of his truck after he left the Midway Inn on the evening of the vehicle crash, telling the jury that some unknown person gave him a ride to his house, and some other unknown person then stole his truck from the parking lot. Id. pp. 56-58, 60. Defendant did admit to the jurors that he was highly intoxicated that evening and was not able to remember everything that happened. Id. pp. 59-61, 64, 67-68.

In light of the evidence as summarized above, clearly none of Defendant's appeal issues has any merit. The Commonwealth proved through Mary Cropp's testimony that Defendant was the driver of the small truck that followed them down the road, flashing

4

its headlights on and off. Moreover, based on Kevin Cropp's testimony concerning the locking of the bar door and the exit from the parking lot of the patrons and the vehicles, it is a reasonable inference that Defendant was the driver of his own vehicle as it was driven down the same road the Cropps were traveling and then crashed into them. As the verdict winner, the Commonwealth is entitled to have the record reviewed in the light most favorable to it and to receive the benefit of all reasonable inferences arising from the evidence. Commonwealth v. Brown, 48 A.3d 426 (Pa.Super. 2012).

The second issue as set forth in Defendant's Concise Statement makes no sense as written, but the Court notes that the Commonwealth provided sufficient credible evidence to prove that Defendant's Toyota truck struck the Cropps' vehicle and caused damage to the rear end thereof.

Lastly, as already stated, Mary Cropp identified Defendant as the driver of the truck who followed them out of the parking lot of the Midway Inn, and Defendant himself admitted he was highly intoxicated that evening.

Based on the foregoing evidentiary summary and discussion, and the entirety of the evidence as it more fully appears of record, the evidence is more than sufficient to support Defendant's convictions for aggravated assault, putting the Cropps in fear for their lives as Defendant menaced both Kevin and Mary Cropp, greatly scaring the latter while driving behind them, flashing his headlights on and off, and driving at a high rate of speed as he crashed his truck into their vehicle while Mary Cropp obeyed a stop sign at an intersection; recklessly endangering another person by hitting the Cropps' truck as it was stopped at the stop sign, causing their vehicle to involuntarily enter the intersection and raising a possibility that the Cropps or other drivers could have been seriously injured

or even killed; criminal mischief by damaging the back of the Cropps' vehicle and then speeding off in the opposite direction; and driving under the influence of alcohol by operating the Toyota truck when Defendant was admittedly intoxicated.

Accordingly, it is respectfully suggested that Defendant's instant appeal should be denied.

BY THE COURT:

_____, P.J.

ATTEST:

_____
Clerk of Courts

FILED
2015 SEP 3 AM 11 20