J-S45028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BENJAMIN CANE KIEFER | |
| Appellant | No. 2925 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000199-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 11, 2017**

After a night of drinking, fighting, and crashing a car, Appellant, Benjamin Kiefer, shot his brother, Kenneth, five times, resulting in Kenneth's death. At trial, Kiefer conceded that he had shot Kenneth to death, but argued that he did so in self-defense. The jury convicted him of third-degree murder.

In this *nunc pro tunc* appeal,[1] Kiefer's court-appointed counsel, Steven E. Burlein, Esquire, seeks permission to withdraw as counsel. As such, he has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Kiefer's direct appeal rights were restored *nunc pro tunc* pursuant to a Post Conviction Relief Act proceeding.

and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After careful review, we affirm the judgment of sentence and grant Attorney Burlein permission to withdraw.

Attorney Burlein has complied with the mandated procedure for withdrawing as counsel. **See Santiago**, 978 A.2d at 361 (articulating **Anders** requirements); **Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Kiefer has not filed a response to counsel's petition to withdraw.

Counsel has identified three issues that Kiefer believes entitle him to relief. First, Kiefer contends the trial court erred in discussing the shooting death of a state trooper before charging the jury. Kiefer believes this reference unfairly prejudiced him.

As counsel notes, there is no record of this statement in the transcripts in the certified record. We do observe that the transcripts elide portions of the opening statements by counsel and instructions from the trial court through a mere notation of the time elapsed. However, even assuming that Kiefer's assertion is accurate, we can discern no reason to believe Kiefer was unduly prejudiced.

There is no indication of an altercation with state police, or that police animus played any role in this crime. Rather, the record clearly establishes

that Kiefer and his larger brother engaged in physical altercations throughout the night. After returning to Kiefer's home, their dispute continued, ultimately resulting in Kiefer shooting his brother five times. The only issues at trial concerned Kiefer's state of mind when he killed his brother.

Under these circumstances, we conclude that any statement made by the trial court to the jury regarding the shooting death of a state trooper was harmless. We agree with counsel's assessment that this issue is wholly meritless.

Next, Kiefer wishes to challenge the sufficiency of the evidence presented at trial. He claims the Commonwealth presented insufficient evidence to support a finding that he killed his brother with malice.

Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. ***See id***. "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." ***Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Bruce***, 916 A.2d at 661 (citation omitted).

Murder in the third degree is an unlawful killing with malice, but without the specific intent to kill. ***See*** 18 Pa.C.S.A. § 2502(c). ***See also Commonwealth v. Santos***, 876 A.2d 360, 363–364 (Pa. 2005); ***Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa. Super. 2001).

Kiefer believes the evidence at trial was insufficient to establish that he acted with malice. Malice is defined as

> a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured....["] [M]alice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

***Id***. (quoting ***Commonwealth v. Cottam***, 616 A.2d 988, 1004 (Pa. Super. 1992)) (brackets in original). Malice may be established by intentionally shooting a victim in a vital part of his body. ***See Commonwealth v. Payne***,

868 A.2d 1257, 1261 (Pa. Super. 2005). Additionally, the finder of fact may infer malice by considering the totality of the circumstances. **See Commonwealth v. Thomas**, 656 A.2d 514, 516 (Pa. Super. 1995).

At trial, the Commonwealth presented the testimony of Keifer's and Kenneth's brother, Kevin. Kevin testified that after Kiefer drove his car into a ditch, the brothers decamped and walked to Kiefer's home. **See** N.T., Jury Trial, 9/15/14, at 10. On the walk home, Kiefer repeatedly threatened to kill Kenneth. **See id**.

Kiefer walked into the house first. **See id**., at 11. Kenneth paused before entering, and told Kevin that he was worried and did not want to go into the house. **See id**. He asked Kevin to call the police "if anything happened[.]" **Id**. Kenneth and Kevin walked into the home approximately five to ten minutes after Kiefer did. **See id**.

Kenneth and Kiefer began arguing again almost immediately. **See id**. Kiefer repeatedly requested that Kenneth let him punch Kenneth in the face, because "he was mad that he didn't win the fight, and [Kenneth] said no." **Id**.

Eventually, the argument ended. Kenneth walked to the living room, while Kiefer went to his bedroom. **See id**. Kevin then saw Kiefer walk into the living room, holding a gun behind his back. **See id**., at 12. As Kiefer approached Kenneth, Kenneth stood up and put his hands in the air. **See id**., at 13.

Kiefer shot Kenneth five times. *See id*., at 14. After the first or second shot, Kenneth fell to the ground, screaming. *See id*. Kiefer then told Kevin that he had to tell the police that it had been self-defense. *See id*., at 15.

This testimony is more than sufficient to support a finding that Kiefer acted with malice. Assuming that Kiefer desires to argue that the Commonwealth did not disprove self-defense, we further conclude that this testimony, if believed, is sufficient to do so. As a result, we agree with counsel's assessment that this issue is wholly meritless.

Finally, Kiefer wishes to argue that the trial court abused its discretion by imposing a manifestly excessive sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

- 6 -

Here, Kiefer preserved his issue through a timely motion for reconsideration of the sentence imposed, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Kiefer has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. (citation omitted); **see also** Pa.R.A.P. 2119(f).

Kiefer "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365.

Kiefer's Rule 2119(f) statement claims that the trial court imposed a manifestly excessive sentence. A generic claim that a sentence is excessive does not raise a substantial question for our review. **See**, **e.g.**, **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013). Even if we review Kiefer's post-sentence motion to determine if any other arguments

against the discretionary aspects of his sentence were preserved, we find that it merely contains a boilerplate allegation of excessiveness. Thus, Kiefer has failed to raise a substantial question regarding his sentence. We agree with counsel that this issue is wholly meritless.

Having concluded that all of the issues identified by counsel are wholly meritless, and after an independent review of the record, we agree that Kiefer's judgment of sentence should be affirmed, and that counsel be granted permission to withdraw.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2017